VULCAN MATERIALS COMPANY, Appellant, v. QUALITY LIMESTONE PRODUCTS, INC., Respondent.

*No. 173. Argued February 6, 1969.—Decided March 4, 1969.*
(Also reported in 165 N. W. 2d 204.)

706

For the appellant there were briefs by *La France, Thompson, Greenquist, Evans & Dye* and *Alfred E. La France* and *Adrian P. Schoone,* all of Racine, and oral argument by *Mr. Schoone.*

For the respondent there was a brief by *Love, McGraw & Brown* and *John C. Love* and *Robert T. McGraw,* all of Waukesha, and oral argument by *Robert T. McGraw.*

ROBERT W. HANSEN, J. As was prudent and proper for him to do, the disability plagued employee brought his claim for workmen's compensation benefits against the three employers for whom he had worked since 1949. The claim against Conco was that between 1949 and 1960, on-the-job exposure to silica dust caused his disability. The claim against Quality was that between October 1, 1960, and April 19, 1964, on-the-job exposure to silica dust caused or contributed to his condition of silicosis. The claim against Vulcan was that between April 20, 1964, and June 1, 1964, on-the-job exposure to silica dust caused the condition diagnosed as far-advanced nodular conglomerate silicosis in both lungs. Only Quality was found responsible for such cause and such effect.

In this fact situation, does it follow that the claim brought against Vulcan rested upon an "event" that occurred "prior" to the cutoff date of April 20, 1964? In the claim against Vulcan was the applicant relying upon an "event" that took place during the three and one-half years he worked for Quality, or was he basing his claim against Vulcan on an "event" he alleged occurred during the thirty-one days he was working as a Vulcan employee? Was Vulcan being sued because of something that occurred prior to the cutoff point of April 20, 1964, or was Vulcan being sued because of something alleged to have occurred after the cutoff point? The trial court concluded that "Vulcan was a respondent, not because of Quality, but because it had been the employer of Gruetzmacher." Since Vulcan was a respondent solely because it had been Gruetzmacher's employer for the period of thirty-one days, all after the cutoff point, the trial court held "Vulcan defended itself and no one else." So the trial court denied recovery under the indemnity provision of the purchase agreement and we affirm his judgment.

Counsel for Vulcan argues backwards from the finding of the industrial commission that the silicosis was contracted before April 20, 1964, to assert that such finding

makes inescapable the conclusion that the "event" involved in the claims arose prior to the cutoff point. But it is the nature of the claim against Vulcan itself, and the basis on which recovery against Vulcan was sought, that determines whether it is included within the indemnification clause in the contract. The "event" that was relied upon for recovery against Vulcan was the contracting or aggravating of silicosis during the post-cutoff point period of employment by Vulcan. The fact that the industrial commission found no factual basis for such claim does not change the basic character of the claim. It does not transform a claim based on a post-cutoff point "event" into a claim arising from a pre-cutoff point "event." Hindsight alters perspective, but does not change the post-cutoff foundation of the claim brought against Vulcan.

In sustaining the trial court in this case, we are mindful of the established rule in Wisconsin that indemnity agreements are to be strictly construed and must clearly and definitely show an intention to indemnify against a certain loss or liability. (*See Herchelroth v. Mahar* (1967), 36 Wis. 2d 140, 153 N. W. 2d 6; *Mustas v. Inland Construction, Inc.* (1963), 19 Wis. 2d 194, 120 N. W. 2d 95, 121 N. W. 2d 274; *Hartford Accident & Indemnity Co. v. Worden-Allen Co.* (1941), 238 Wis. 124, 297 N. W. 436. *See also* 42 C. J. S., *Indemnity,* p. 569, sec. 5.) Although strict, the interpretation of the Vulcan-Quality agreement so that the claim here involved falls on the nonindemnity side of the cutoff date, we find reasonable.

*By the Court.*—Judgment affirmed.