NOBLE DOTSON *et al.*, Plaintiffs-Appellees, *v.* AGENCY RENT-A-CAR, INC., Defendant-Appellant.—(DIANE BRISCO *et al.*, Defendants.)

First District (1st Division)    No. 80-1201

Opinion filed November 9, 1981.

Jacobs, Williams and Montgomery, Ltd., of Chicago (Barry L. Kroll and Thomas H. Neuckranz, of counsel), for appellant.

Glen E. Amundsen and Victor J. Piekarski, both of Querrey, Harrow, Gulanick & Kennedy, of Chicago, for appellees.

Mr. PRESIDING JUSTICE CAMPBELL delivered the opinion of the court:

Plaintiffs, Noble Dotson, Janet Dotson, and State Farm Mutual Automobile Insurance Company, hereinafter called State Farm, filed an action for declaratory judgment seeking a declaration of the defense and indemnity obligations of State Farm under its policy with its insureds, Janet and Noble Dotson, in relation to the defense and indemnity obligations of Agency Rent-A-Car, Inc. (hereinafter called Agency), under a financial responsibility bond filed with the Secretary of State. (Ill. Rev. Stat. 1975, ch. 95½, par. 9—101 *et seq.*) The plaintiffs and defendant Agency filed motions for judgment on the pleadings, and the court granted each motion in part and denied each motion in part and entered judgment finding that Agency was primarily liable for the first $50,000 of any judgment rendered against State Farm's insureds because of an accident while driving an Agency rental vehicle. Agency has appealed that finding.

Prior to January 15, 1976, State Farm issued an automobile liability

insurance policy to Janet Dotson, which policy covered Janet's daughter, Noble Dotson, as an additional insured. This policy was in force on January 15, 1976, when Noble Dotson was involved in an automobile accident, colliding with a parked fire truck owned by the City of Chicago. Noble was driving, with permission, an automobile leased by Janet Dotson from Agency, while her own car was withdrawn from normal use for repairs. Diane Brisco was a passenger in the leased vehicle at the time of the accident and has filed suit against Noble Dotson for injuries allegedly sustained as a result of the accident. The leased automobile was under the terms of the policy a temporary substitute automobile and was covered to the same extent as Janet's own automobile. Agency, a corporation engaged in the business of leasing cars, was at the time of the accident in compliance with the provisions of section 9—101 *et seq.* of the Illinois Vehicle Code (Ill. Rev. Stat. 1975, ch. 95½, par. 9—101 *et seq.*), and had on file with the Secretary of State a motor vehicle liability bond as proof of financial responsibility pursuant to section 9—103 of the Illinois Vehicle Code (Ill. Rev. Stat. 1975, ch. 95½, par. 9—103). Both the plaintiffs and defendant Agency moved for judgment on the pleadings, and the trial court found that: (1) Agency's financial responsibility bond is not an insurance policy and is not "other collectible insurance" within the meaning of State Farm's "other insurance" clause; (2) the obligations of State Farm to Noble and Janet Dotson under its policy are not affected by the "other insurance" clause of its policy, and State Farm has a continuing duty, pursuant to the provisions of its policy, to provide insurance coverage and a defense to Noble and Janet Dotson in the lawsuit filed against them by Diane Brisco; (3) in the event that a judgment is entered against Noble Dotson and/or Janet Dotson in favor of Diane Brisco, Agency shall be liable for and shall pay the first $50,000 of said judgment, and State Farm shall be liable for the excess over and above $50,000 up to the applicable limit of its policy; and, (4) Agency has no duty to defend or pay for the defense of Noble and Janet Dotson in the aforementioned lawsuit. The only issue before this court is whether the court erred in finding Agency liable for the first $50,000 of any judgment rendered against the Dotsons in the aforementioned lawsuit.

Agency urges that State Farm's contract of insurance with the insureds herein offers no basis for holding Agency primarily liable to pay any judgment entered against Noble Dotson. According to the terms of the policy, State Farm's coverage is primary because the "other insurance" provision of the policy does not apply (*Bertini v. State Farm Mutual Automobile Insurance Co.* (1977), 48 Ill. App. 3d 851, 362 N.E.2d 1355). Janet and Noble Dotson's coverage provides that unless excused by the language of its "other insurance" clause, State Farm has the obligation both to defend lawsuits filed against Noble Dotson arising out of her

operation of the temporary substitute automobile and to pay all, sums which she becomes legally obligated to pay either as bodily injury or property damages, subject to its scheduled limits of coverage. Furthermore, the contractual obligation of State Farm pursuant to its policy obligates State Farm not only to its insureds, but also to judgment creditors of its insureds as third-party beneficiaries of the contract of insurance. (*Simmon v. Iowa Mutual Casualty Co.* (1954), 3 Ill. 2d 318, 121 N.E.2d 509; *M.F.A. Mutual Insurance Co. v. Cheek* (1975), 34 Ill. App. 3d 209, 340 N.E.2d 331.) On the other hand, Agency's obligation under the bond is to:

> "[P]ay any judgment within 30 days after it becomes final, recovered against * * * any person operating the motor vehicle with the customer's express * * * consent * * * for an injury to * * * any person * * * resulting from the operation of the motor vehicle." (Ill. Rev. Stat. 1975, ch. 95½, par. 9—103.)

Agency argues that since the purpose of the financial responsibility requirement of the Illinois Motor Vehicle Code is "the protection of the public and not some other insurance company" (*Continental Casualty Co. v. Travelers Insurance Co.* (1967), 84 Ill. App. 2d 200, 206, 228 N.E.2d 141, 144), it is reasonable that the obligation of Agency should only be activated when the injured party has no other source of recovery. In reliance on *Continental Casualty* Agency urges that because the injured party in the instant case has available to it the benefits of the State Farm policy covering the driver, which are enforceable immediately upon the entry of a judgment, the reasonable expectation would be that State Farm would pay first, and to protect the public against the possibility that Dotson had no insurance or had insufficient insurance, Agency would have to pay up to the statutory minimum, if no other source were available.

State Farm claims that its contractual obligation to its insureds is subordinate to the primary and unqualified obligation imposed by statute on Agency to pay any judgment up to the first $50,000 awarded against the operator of a car leased by it. State Farm urges that this obligation follows from the plain meaning of the statute. (*Sickler v. National Dairy Products Corp.* (1977), 67 Ill. 2d 229, 367 N.E.2d 674; *Franzese v. Trinko* (1977), 66 Ill. 2d 136, 361 N.E.2d 585.) State Farm further urges this court, in support of its position, to read into the language of the statute the comments of State Representative Frank P. North, made just before the vote was taken which increased the statutory minimum from $25,000 to $50,000, to the effect that the old limit was too low and not adequate protection for the person who is leasing the car. (Proposed Amendment to the Illinois Vehicle Code: Debates on HB 3781 Before the General Assembly, 77th General Assembly (1971-1973) (statement of Frank P.

North).) State Farm claims that its position is also strengthened by the insurance law rule that normally where there are two policies which both purport to be excess with respect to an indemnity duty, the indemnity coverage afforded the vehicle is primary, and the indemnity coverage afforded the driver is excess. *Bertini v. State Farm Mutual Automobile Insurance Co.; Farmers Automobile Insurance Association v. Iowa Mutual Insurance Co.* (1966), 77 Ill. App. 2d 172, 221 N.E.2d 795.

The law in Illinois is that insurance companies are liable according to the terms of their contracts *(Continental Casualty Co. v. Travelers Insurance Co.; Jensen v. New Amsterdam Insurance Co.* (1965), 65 Ill. App. 2d 407, 213 N.E.2d 141), and that an insurance policy should be construed like any other contractual agreement. In this connection the trial court has found that a financial responsibility bond is not "other insurance," according to the terms of the policy of insurance of State Farm, and we reject the argument that the increase in the statutory minimum expresses a legislative intent to impose primary liability on the lessor. We do not view the insurance law rule cited by State Farm as the basis of the findings of the trial court and as being decisive of the issue raised in this appeal. We do find that both *Bertini* and *Continental Casualty* lend support to Agency's contention that nothing in the statutory obligation of Agency to its lessee, or under the terms of its contract, requires that a judgment must be first satisfied up to the $50,000 limit by Agency. Any such obligation imposed by statute on the owner of a leased vehicle should be clear, unambiguous, and free from doubt.

We agree with State Farm that the language of a statute must be given its plain and ordinary meaning *(People v. Haron* (1981), 85 Ill. 2d 261, 422 N.E.2d 627; *Sickler v. National Dairy Products Corp.; Franzese v. Trinko)*, and the statute in question provides as follows:

"A motor vehicle liability bond, conditioned that the owner of the motor vehicle will pay any judgment within 30 days after it becomes final, recovered against the customer or against any person operating the motor vehicle with the customer's express or implied consent for damage to property other than to the rented motor vehicle or for an injury to, or for the death of any person including an occupant of the rented motor vehicle, resulting from the operation of the motor vehicle, provided, however, every such bond is in the penal sum of $50,000.

The bond shall be executed by a solvent and responsible surety company authorized to do business in the State of Illinois, or by one or more personal sureties to be approved by the Secretary of State.

The personal sureties shall own real estate in the State of Illinois of the aggregate value of $50,000, over and above all encum-

brances, and each of the personal sureties shall make an affidavit concerning the property which he schedules for the purpose of qualifying as surety, stating the location, legal description, market value, and the amount and nature of any encumbrances." (Ill. Rev. Stat. 1975, ch. 95½, par. 9—103.)

We have examined the section in question, and we do not find a basis in the statute for the assertion that the statute requires mandatory primary coverage under the facts of this case. We do not find any clear-cut legislative requirement that the legislature, by enacting section 9—103, intended to subordinate the remedies available to an insured under existing policies, to those remedies provided by said statute. It is not for this court to reach such a conclusion unless the intention of the legislature is clearly expressed. The Illinois Supreme Court has repeatedly stated that "[t]here is no rule of construction which authorizes a court to declare that the legislature did not mean what the plain language of the statute imports" (*Western National Bank v. Village of Kildeer* (1960), 19 Ill. 2d 342, 350, 167 N.E.2d 169, 173. See *People v. Haron*; *Sickler v. National Dairy Products Corp.*), and we find no authority under the statute to support the contentions of State Farm. We therefore find that the trial court erred in holding that Agency shall pay the first $50,000 of any judgment rendered against the Dotsons. The judgment of the trial court is reversed, and said cause is remanded for further proceedings.

Reversed and remanded with directions.

GOLDBERG and McGLOON, JJ., concur.