FARM BUREAU MUTUAL INSURANCE COMPANY, Plaintiff-Appellant, v. ALAMO RENT A CAR, INC., Defendant-Appellee.

First District (5th Division)    No. 1—99—3096

Opinion filed December 22, 2000.—Rehearing denied March 8, 2001.

Morse & Bolduc, of Chicago (Peter C. Morse and David J. Roe, of counsel), for appellant.

Mordini & Schwartz, P.C., of Chicago (L. Bradley Schwartz, of counsel), for appellee.

JUSTICE QUINN delivered the opinion of the court:

This appeal arises out of an action for declaratory judgment filed by plaintiff, Farm Bureau Mutual Insurance Company, Inc., (Farm Bureau), to determine liability for damages incurred as a result of an automobile accident involving its insured, the renter of a vehicle owned by defendant, Alamo Rent A Car, Inc. (Alamo). Both parties filed cross-motions for summary judgment. The circuit court granted summary judgment in favor of Alamo and Farm Bureau appeals, contending that Alamo, as vehicle owner, is required to provide primary liability insurance coverage. We affirm.

The following facts are undisputed. On September 30, 1996, Donna Fletcher rented a 1996 Corsica from Alamo. The record indicates that Alamo filed a certificate of self-insurance in accordance with sections 9—101 and 9—102 of the Illinois Vehicle Code (the Vehicle Code) (625 ILCS 5/9—101, 9—102 (West 1996)). Although a complete copy of the rental agreement is not a part of the record, it is undisputed that Fletcher was offered the option to purchase liability insurance from Alamo when she rented the car. Fletcher declined and instead chose to rely on her own personal liability policy with Farm Bureau, which was in full force and effect during the rental period.

In its "Terms for Renting an Alamo Car" section, the Alamo rental agreement contained the following provision entitled "Liability Insurance":

"Unless contrary to state law or otherwise provided by this agreement, if there is no other valid and collectible insurance whether primary, excess or contingent, available to the renter (or to any authorized driver while operating the car) sufficient to meet minimum financial responsibility requirements, then, except as to rental occurring in California, Alamo shall provide protection against liability for bodily injury, death or property damage to others up to the minimum financial responsibility limits required by applicable law. Such protection shall be provided through either an insurance policy or a certificate of self insurance (if provided, you have no duty to defend after tendering minimum limits). I agree that any amounts over this minimum will be covered by me or by my liability policy and I will indemnify you for any losses that exceed the minimum limits."

The record indicates that Alamo's insurance coverage also provided an amendatory endorsement and defined an insured as "any rentee/lesee who purchases the Extended Protection (EP) Option, but only while the Alamo vehicle is being driven by the rentee/lesee or an 'Alamo Authorized Additional Driver' and all terms and conditions of the Rental Agreement have been met." However, this amendatory endorsement was effective on June 30, 1997. As the accident occurred on October 1996, this provision does not apply to the instant case.

On October 5, 1996, Fletcher, while driving the Alamo rental car, was involved in an accident with Richard and Lucy Smith. At the time of the accident, State Farm Insurance Company (State Farm) insured the Smiths' vehicle. After the accident, State Farm paid benefits to the Smiths in the amount of $9,257.74 and sought recovery of this amount from Farm Bureau and Alamo. As Alamo denied that it provided liability coverage to Fletcher, Farm Bureau reimbursed State Farm for amounts paid to the Smiths.

Farm Bureau's insurance policy contained the following provision entitled "Other Insurance":

> "If there is other applicable liability insurance on a loss covered by this Part, we will pay our proportionate share as our limits of liability bear to the total of all applicable liability limits. Any insurance afforded under this Part for a vehicle you do not own or lease, however, is excess over any other liability insurance and shall be limited to the difference between the liability limits on the non-owned vehicle and the liability limits on the described vehicle."

Farm Bureau's policy also contained an amendatory endorsement. Of particular note is the section entitled "Exclusions," which provided as follows:

> "2. For damage to property owned by, rented to, in charge of or transported by any insured person but this exclusion does not apply to damages to a rented residence, a rented private garage, or any of the following:
>
> a. a rented auto."

Farm Bureau subsequently filed an amended complaint for declaratory judgment seeking a declaration that Alamo owed primary liability protection to Fletcher and reimbursement by Alamo of all monies that Farm Bureau paid to State Farm. Farm Bureau specifically argued that pursuant to the financial responsibility provisions of the Vehicle Code (625 ILCS 5/9—101 *et seq.* (West 1996)), Alamo was required to provide primary liability coverage.

After Alamo filed an answer to Farm Bureau's amended complaint for declaratory judgment, Farm Bureau filed a motion for summary judgment (735 ILCS 5/2—1005 (West 1996)) and reiterated its argument that Alamo was required to provide primary liability coverage to those who rent its vehicles. Farm Bureau asserted that it is the public policy of the state that the owner of the vehicle, rather than the vehicle operator, provide primary coverage. Alamo responded with a cross-motion for summary judgment and argued that because Fletcher did not purchase additional insurance coverage from Alamo, it was not required to provide primary coverage.

The trial court granted summary judgment in favor of Alamo. In so doing, the court found that there was no statutory or contractual basis to require Alamo to provide primary liability coverage to Fletcher, citing *Insurance Car Rentals, Inc. v. State Farm Mutual Automobile Insurance Co.*, 152 Ill. App. 3d 225, 232, 404 N.E.2d 256 (1987). Farm Bureau filed a timely appeal.

■ Initially, we note that a reviewing court conducts a *de novo* review of the evidence in summary judgment cases. *Espinoza v. Elgin, Joliet & Eastern Ry. Co.*, 165 Ill. 2d 107, 113, 649 N.E.2d 1323 (1995).

The reviewing court must construe all evidence strictly against the movant and liberally in favor of the nonmoving party. *Espinoza*, 165 Ill. 2d at 113. Where the pleadings, depositions and affidavits show that there is no genuine issue of material fact, the moving party is entitled to judgment as a matter of law. *First of America Trust Co. v. First Illini Bancorp, Inc.*, 289 Ill. App. 3d 276, 283, 685 N.E.2d 351 (1997). If reasonable persons could draw different inferences from undisputed facts, summary judgment should be denied. *Smith v. Armor Plus Co.*, 248 Ill. App. 3d 831, 839, 617 N.E.2d 1346 (1993).

■ We next note that Farm Bureau correctly points out that Alamo was prohibited from allowing Fletcher to drive its rental car unless Alamo maintained insurance in accordance with the financial responsibility provisions of the Vehicle Code. The Vehicle Code has a specific section for "Owners of For-Rent Vehicles For-Hire" which applies to the instant case. This section has its own financial responsibility law provision delineating the methods of providing proof of financial responsibility. Owners of for-rent vehicles, in order to operate their business in the State of Illinois, must demonstrate financial responsibility by: (1) posting bond; (2) obtaining insurance; or (3) obtaining a certificate of self-insurance. 625 ILCS 5/9—101 *et seq.* (West 1996). Alamo properly maintained self-insurance in accordance with this section of the Vehicle Code. The question we must address is whether Alamo can assert that it is not required to provide primary coverage pursuant to the terms of the rental agreement without frustrating the public policy of the state.

Farm Bureau contends that the trial court erred in granting summary judgment in favor of Alamo because, in accordance with public policy, as the vehicle owner, Alamo is required to provide primary liability coverage to those who rent its vehicles. In support of its position, Farm Bureau relies on *State Farm Mutual Automobile Insurance Co. v. Universal Underwriters Group*, 182 Ill. 2d 240, 695 N.E.2d 848 (1998). In *State Farm*, one of State Farm's insureds took a test-drive in a vehicle owned by an automobile dealership. During the test-drive, State Farm's insured was involved in an accident. State Farm paid for all damages to the other party due to the accident and subsequently submitted a claim to the dealership's insurance carrier, Universal Underwriters Group (Universal). State Farm argued that the garage policy issued to the dealership by Universal afforded primary coverage for anyone who test-drove its vehicles. Universal denied the claim. Following cross-motions for summary judgment, the trial court granted summary judgment in favor of State Farm. This court affirmed the trial court's ruling. *State Farm Mutual Automobile Insurance Co. v. Universal Underwriters Group*, 285 Ill. App. 3d 115, 674 N.E.2d 52 (1996).

On appeal to our supreme court, Universal contended that section 7—601(a) of the Vehicle Code, which governs automobile dealerships, does not specify that a person who test-drives a vehicle must be covered under the dealership's insurance policy. Our supreme court disagreed and held that, "under Illinois law, a car dealer's liability policy must provide coverage for test-drivers." *State Farm*, 182 Ill. 2d at 243. The court also noted that, "pursuant to custom in the insurance industry, primary liability is generally placed on the insurer of the owner of an automobile rather than on the insurer of the operator." *State Farm*, 182 Ill. 2d at 246. The driver's insurance policy would then be required to provide coverage only on an excess basis.

■ In concluding that Universal was primarily liable, the court considered section 7—317(b)(2) of the Vehicle Code, which provides that a "motor vehicle liability policy" issued to an owner must "insure the person named therein and any other person using *** such motor vehicle or vehicles with the express or implied permission of the insured." 625 ILCS 5/7—317(b)(2) (West 1996). Due to this provision, commonly referred to as an "omnibus clause," our supreme court ruled this clause must be read into all motor vehicle policies that do not expressly include it. *State Farm*, 182 Ill. 2d at 243-44. The court further held that "the [Vehicle] Code mandates that the insurance policy issued by Universal provide omnibus coverage. In the absence of any statutory language qualifying the mandate, the statute must be construed to require primary coverage." *State Farm*, 182 Ill. 2d at 246.

In further support of its contention, Farm Bureau also cites several other cases that affirm the holding in *State Farm*: *John Deere Insurance Co. v. Allstate Insurance Co.*, 298 Ill. App. 3d 371, 698 N.E.2d 635 (1998); *Pekin Insurance Co. v. State Farm Mutual Automobile Insurance Co.*, 305 Ill. App. 3d 417, 711 N.E.2d 1227 (1999); and *Browning v. Plumlee*, 316 Ill. App. 3d 738 (2000).

We find that Farm Bureau's reliance on *State Farm* and its progeny is misplaced. Each of these cases involved the permissive use of a vehicle owned by an automobile dealership. Although Farm Bureau argues that the holding of *State Farm* is equally applicable to situations involving rental car companies, we find this assertion unpersuasive. This case, unlike *State Farm*, does not involve a "motor vehicle liability policy" as this term is defined in section 7—317 of the Vehicle Code. This case involves the enforcement of a contract between Alamo and Farm Bureau's insured regarding liability coverage.

*Insurance Car Rentals, Inc. v. State Farm Mutual Automobile Insurance Co.*, 152 Ill. App. 3d 225, 504 N.E.2d 256 (1987), is directly on point. In that case, the renter of the vehicle was involved in an ac-

cident while renting a car from Insurance Car Rentals (Car Rentals). The renter was offered the option of renting the vehicle with complete coverage or relying on his own insurance to provide coverage.

The insured's policy provided as follows:

> " 'If a temporary Substitute Car *** has other vehicle liability coverage on it, then this coverage is excess. THIS COVERAGE SHALL NOT APPLY:
>
> A. IF THE VEHICLE IS OWNED BY ANY PERSON OR ORGANIZATION IN A CAR BUSINESS; AND
>
> B. IF THE INSURED OR THE OWNER HAS OTHER LIABILITY COVERAGE WHICH APPLIES IN WHOLE OR IN PART AS PRIMARY, EXCESS OR CONTINGENT COVERAGE.' " 152 Ill. App. 3d at 228.

The insured opted for the rental agreement, which did not include a cost for insurance coverage. *Insurance Car Rentals*, 152 Ill. App. 3d at 228.

Following the accident, the parties involved in the accident sued the renter for personal injury and property damages. State Farm paid the personal injury and property damages and demanded that Car Rentals' insurer defend and indemnify State Farm. This demand was rejected, and Car Rentals filed a complaint for declaratory judgment against State Farm to establish State Farm's liability. State Farm filed a counterclaim and argued that the public policy of Illinois makes the waiver term of the rental agreement between Car Rentals and the renter unenforceable. *Insurance Car Rentals*, 152 Ill. App. 3d at 229.

The trial court granted declaratory judgment in favor of Car Rentals and its insurer. On appeal, State Farm contended that public policy required Car Rentals to provide liability coverage to its renters and that the filing of proof of financial responsibility meant that Car Rentals had to insure its customer renting the vehicle. This court held that the case involved a separate agreement between an insured and a customer as to which insurance applied. The court further held that there is nothing in the statute that imposes mandatory primary insurance coverage on a rental agency. *Insurance Car Rentals*, 152 Ill. App. 3d at 231.

Here, as in *Insurance Car Rentals*, Fletcher chose to rely on her own insurance coverage with Farm Bureau instead of purchasing the liability insurance from Alamo. Although Farm Bureau argues that the statute and public policy of the state require the owner of the vehicle to provide primary coverage, we hold, after a thorough examination of the sections with regard to the imposition of mandatory primary insurance coverage by a rental agency, that the statute is silent. As stated in *Hertz Corp. v. Garrott*, 238 Ill. App. 3d 231, 239, 606

N.E.2d 219 (1992), "the statute merely prescribes the minimum amounts needed by a rental agency to conduct business in the State. The statute in no way defines the scope of the obligation that may be assumed by the rental agency by separate agreement." This position was initially held in *Dotson v. Agency Rent-A-Car, Inc.*, 101 Ill. App. 3d 804, 428 N.E.2d 1002 (1981). Neither the language contained in the Vehicle Code nor the public policy behind it, which is to protect the public, bars contract terms that purport to shift primary liability under insurance policies. Thus, we cannot ignore the laws and public policy of the state, which permit freedom of contracting between competent parties. *American Country Insurance Co. v. Cline*, 309 Ill. App. 3d 501, 506, 722 N.E.2d 755 (1999). Because the parties may properly contract as to which insurer is responsible for primary coverage as long as statutory minimum requirements are met, we hold that, as a matter of law, the rental agreement between Alamo and Fletcher was valid and enforceable, shifting primary coverage to Farm Bureau.

We must also reject Farm Bureau's contention that the provision in Alamo's rental agreement regarding liability insurance is an "escape" clause which attempts to limit coverage. Farm Bureau argues that, due to this escape clause, Alamo and Farm Bureau should be forced to divide the liability equally between themselves. We disagree. Unlike cases in which a test-driver of a vehicle owned by a car dealership is covered under the dealership's policy because of the express permission given to use the vehicle, here, Fletcher explicitly chose not to contract for insurance with Alamo. Therefore, Alamo's escape clause is inapplicable.

Accordingly, the judgment of the circuit court of Cook County granting summary judgment in favor of Alamo is affirmed.

Affirmed.

THEIS and REID, JJ., concur.