DONALD FOGEL, Plaintiff-Appellant and Cross-Appellee, v. ENTERPRISE LEASING COMPANY OF CHICAGO, Defendant-Appellee and Cross-Appellant (James Burke, Plaintiff; Allstate Indemnity Company *et al.*, Defendants).

First District (6th Division)    Nos. 1—02—1645, 1—02—2244, 1—02—2318 cons.

Affirmed in part and reversed in part; cause remanded with directions.

Opinion filed September 30, 2004.

Margarita T. Kulys and Marvin J. Leavitt, both of Grund & Leavitt, P.C., of Chicago, for appellant.

Daniel E. Murphy and Jennifer Adams Murphy, both of Murphy & Murphy, of Chicago, for appellee.

JUSTICE TULLY delivered the opinion of the court:

The plaintiffs, Donald Fogel and James Burke, brought a declaratory judgment action against defendants Allstate Indemnity Company (Allstate), Enterprise Leasing Company of Chicago (Enterprise) and Mehul Thakkar, seeking a declaration that Allstate and Enterprise owed a duty to defend and indemnify Thakkar in the underlying personal injury lawsuit. The trial court granted summary judgment in favor of Enterprise, finding that Thakkar procured the automobile rental agreement with Enterprise through fraud, and ordered the rescission of the agreement. Consequently, Enterprise had no duty to provide the supplemental liability coverage. The trial court further ruled that Enterprise was required to provide Fogel and Burke with statutory minimum financial responsibility (MFR) of $50,000. The trial court did not rule on the issues raised in Enterprise's counterclaim.

The underlying lawsuit was voluntarily dismissed by the plaintiffs, and Fogel, Burke, Thakkar and Allstate agreed to arbitration. The arbitrators entered an award in favor of Fogel and Burke. The trial court confirmed the arbitration award and entered judgment on the award against Thakkar.

These appeals follow.

## BACKGROUND

On November 14, 1997, Thakkar was involved in an accident with a vehicle driven by Michael DeLuca in which Fogel and Burke were passengers. Thakkar was insured under an Allstate policy and DeLuca was insured under a United Services Automobile Association (USAA) policy. Thakkar was driving a vehicle that he had rented from Enterprise. As part of the rental agreement, Thakkar purchased supplemental liability coverage in the amount of $1 million.

When Thakkar rented the vehicle from Enterprise, he presented a fictitious California driver's license that showed his age to be 22 years. Thakkar was actually 18 years old on November 14, 1997. At the time, Enterprise had a policy that prohibited its agents from renting to retail customers under the age of 21. Thakkar had rented a car from Enterprise at its Hoffman Estates, Illinois, location on November 3, 1997. At that time, Thakkar presented the California driver's license which showed his picture and the name "Mehul Thak." The November 3, 1997, rental agreement indicates the name "Mehul Thak" with an address in Los Angeles, Illinois. The Enterprise agent stated that, by habit, she mistakenly listed the state of residence as Illinois. On

November 12, 1997, Thakkar returned the vehicle to the Hoffman Estates location.

Later on November 12, 1997, Thakkar went to the Enterprise facility in Schaumburg, Illinois, and entered into a second rental agreement. The Enterprise agent at the Schaumburg facility stated that Thakkar presented a California driver's license and a credit card. The agent stated that the information from the prior rental was pulled up by entering the driver's license number and state into the computer. The rental agreement dated November 12, 1997, shows the name "Mehul Thak" with an address in Los Angeles, Illinois. The agreement indicates an age of 22. As part of the rental agreement, Thakkar also purchased $1 million of supplemental liability protection (SLP).

Thakkar has given conflicting testimony regarding the driver's license he used to rent the vehicles. In depositions, affidavits, and other discovery documents, Thakkar stated he presented an Illinois driver's license to Enterprise on November 3, 1997, which showed his age to be 18 at the time of both rentals. Thakkar denied that he represented himself to reside in California, to have represented his name to be Mehul Thak or to have presented a fictitious driver's license in order to rent a car from Enterprise. Thakkar maintained in sworn testimony in both the underlying personal injury lawsuit and in this case that he had no idea from where the information on the rental agreements came. However, in a redeposition taken in June 2001, Thakkar admitted that he used a fictitious California driver's license which showed his age to be 22 when he rented the vehicle on November 3, 1997. He further admitted that at the time he presented the California license, he also had in his wallet a valid Illinois driver's license which showed his true age of 18. In the deposition, Thakkar admitted to using the California license again when he rented the vehicle on November 12, 1997. Then, later in the deposition, he changed his testimony and stated that on November 12 he only gave the agent at the Schaumburg facility a copy of the November 3 rental agreement and did not present any driver's license.

PROCEDURAL HISTORY

Fogel and Burke filed a complaint against Allstate, USAA, Enterprise, Thakkar and DeLuca, seeking a declaration of the rights and liabilities of the parties with respect to the Allstate and USAA policies of insurance and the Enterprise supplemental liability protection. Allstate and Thakkar filed a cross-complaint and Enterprise filed a counterclaim. Thereafter, Enterprise filed a motion for summary judgment arguing that it was entitled to rescind the rental agreement and the SLP contained therein based upon Thakkar's fraudulent

procurement of the vehicle. Enterprise maintained that the rental agreement was void due to Thakkar's material misrepresentation of his age. Fogel filed a cross-motion for summary judgment arguing that the rental agreement and the SLP were in full force and effect at the time of the accident and there were no grounds for rescission of the contract. Thakkar filed a cross-motion for summary judgment adopting Fogel's argument and asserting that regardless of the SLP, Enterprise was required to make payment under the minimum financial responsibility statute contained in the Illinois Vehicle Code (625 ILCS 5/9—101 *et seq.* (West 2000)).

On April 26, 2002, the trial court granted Enterprise's motion for summary judgment and denied Fogel's and Thakkar's cross-motions for summary judgment. The trial court found that the rental agreement was procured by fraud *ab initio* and the contract between Enterprise and Thakkar was rescinded. The court found that Enterprise is not liable for supplemental liability protection. The court did find Enterprise liable for $50,000 in accordance with the minimum financial responsibility statute.

On May 21, 2002, Fogel and Burke filed a motion in the declaratory judgment action to confirm the arbitration awards and enter judgment against Enterprise. Fogel, Burke, Thakkar and Allstate had entered into an agreement to arbitrate the underlying personal injury lawsuit. Enterprise was not a party to the agreement and did not participate in the arbitration. The arbitrator entered an award for Fogel in the amount of $1,692,163.25 and for Burke in the amount of $72,770.40. Enterprise objected to the motion to confirm, and Fogel filed an amended motion to confirm seeking judgment against Thakkar and requesting setoffs of $385,000 on Fogel's award and $65,000 on Burke's award. On July 12, 2002, the trial court confirmed the awards and entered judgment against Thakkar without reduction for the setoffs.

On May 24, 2002, Enterprise filed a motion for clarification of the court's April 26 order. Enterprise asked the court for a liability finding on Enterprise's fraud counterclaim against Thakkar and to specify a procedure for the assessment of damages. Enterprise also asked the court to make a finding that consideration had been tendered by Enterprise to Thakkar for purposes of rescission. Enterprise also asked the court to expressly deny Thakkar's claims regarding its duty to defend and indemnify Thakkar in the underlying lawsuit. On July 12, 2002, the circuit court denied the motion to clarify.

## DISCUSSION

Our review of the circuit court's grant of summary judgment is *de novo. Natale v. Gottlieb Memorial Hospital,* 314 Ill. App. 3d 885,

888, 733 N.E.2d 380 (2000). Summary judgment is properly granted where "the pleadings, depositions, admissions, and affidavits on file, when taken together in the light most favorable to the nonmovant, show that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law." *Fremont Casualty Insurance Co. v. Ace-Chicago Great Dane Corp.*, 317 Ill. App. 3d 67, 73, 739 N.E.2d 85 (2000). The function of a reviewing court on appeal from a grant of summary judgment is limited to determining whether the trial court correctly concluded that no genuine issue of material fact was raised and, if none was raised, whether judgment as a matter of law was correctly entered. *Malanowski v. Jabamoni*, 293 Ill. App. 3d 720, 688 N.E.2d 732 (1997). In situations where both parties file cross-motions for summary judgment, "they agree that no material issue of fact exists and that only a question of law is involved." *Robson v. Electrical Contractors Ass'n Local 134 IBEW Joint Pension Trust*, 312 Ill. App. 3d 374, 380, 727 N.E.2d 692 (1999). Thus, " 'the court is invited to decide the issues presented as a question of law.' " *Lexmark International, Inc. v. Transportation Insurance Co.*, 327 Ill. App. 3d 128, 134, 761 N.E.2d 1214 (2001), quoting *Container Corp. of America v. Wagner*, 293 Ill. App. 3d 1089, 1091, 689 N.E.2d 259 (1997). However, "the mere filing of cross-motions for summary judgment does not require that the court grant the requested relief to one of the parties where genuine issues of fact exist precluding summary judgment in favor of either party." *Travelers Insurance Co. of Illinois v. Eljer Manufacturing, Inc.*, 307 Ill. App. 3d 872, 878, 718 N.E.2d 1032 (1999).

### Fogel's Claims

Here, Fogel argues the trial court erred in granting summary judgment to Enterprise because Enterprise is not entitled to rescission of the contract. First Fogel maintains that Enterprise cannot get rescission on a theory of fraudulent inducement.

■ In order to establish an equitable claim for rescission on the basis of fraud and misrepresentation, Enterprise must demonstrate: (1) a false statement of material fact; (2) known or believed to be false by the party making it; (3) intended to induce the other party to act; (4) acted upon by the other party in reliance upon the truth of the representations; and (5) damaging to the other party as a result. *Connick v. Suzuki Motor Co.*, 174 Ill. 2d 482, 496, 675 N.E.2d 584 (1996). In this case, each of these elements has been established.

■ A misrepresentation is "material" if the party seeking rescission would have acted differently had it been aware of the misrepresentation. *Miller v. William Chevrolet/Geo, Inc.*, 326 Ill. App. 3d 642, 649,

762 N.E.2d 1, 7 (2001). Fogel argues that Thakkar's misrepresentation did not relate to a material fact. We disagree. Here, Thakkar made a false statement of material fact which he knew to be false. Thakkar presented a California driver's license that indicated his age was 22. Thakkar knew that he was not 22 years old, but in fact was only 18 years old. Thakkar signed the rental agreement containing this false information. Enterprise had a policy that it did not rent vehicles to persons under the age of 21 (except in the case of an insurance replacement vehicle, which is not the case here). Both of the Enterprise agents who rented vehicles to Thakkar stated that they would not have rented a vehicle to him had they been aware of his true age. The facts show that Enterprise would not have rented the vehicle to Thakkar had he not misrepresented his age. We find that the misrepresentation was material.

Fogel further argues that Thakkar did not misrepresent his age intending to induce Enterprise to rent a car to him. Fogel maintains that the evidence establishes Thakkar had no knowledge of Enterprise's age restriction. Again, we disagree. We acknowledge that Thakkar did not admit he used the fictitious license because he knew Enterprise would not rent a vehicle to him unless he was 21 years old. In fact, Thakkar failed to explain why he used the fake identification rather than the identification showing his true age. However, Thakkar did admit that he used the fake identification to falsely represent his age to be over 21 in order to gain entry to bars. Further, the evidence shows that Thakkar presented the fictitious California license rather than the valid Illinois driver's license which was in his wallet and which showed his true age of 18 years. The facts show that Thakkar intended to represent his age to be over 21 in order to induce Enterprise to rent a vehicle to him.

We also find that Enterprise relied on Thakkar's misrepresentation when it rented a vehicle to him. Fogel argues that Enterprise's reliance was not justified. Fogel maintains that the name on the fake identification did not match the name on the credit card Thakkar presented and Enterprise had an obligation to investigate these discrepancies and verify the information provided by Thakkar. Further, Fogel contends that Enterprise had a financial incentive not to verify the information and just accept Thakkar's misrepresentations as valid. However, the facts show that Enterprise relied on Thakkar's representation that he was 22 years old. Both Enterprise agents testified that they would not have rented the car to Thakkar had he not been at least 21 years of age. Thakkar presented what appeared to be a valid driver's license and Enterprise had no reason to suspect that it was not valid. Thakkar supported his fraud by telling the agents that

he was a student at UCLA. There is nothing in the record to support Fogel's contention that Enterprise was unreasonable in accepting Thakkar's misrepresentation.

■ Finally, Fogel argues that rescission is not proper because the status quo *ante* cannot be restored. Fogel asserts that apart from the issue of the premiums paid by Thakkar, the status quo *ante* cannot be restored because of the intervening accident.

Restoration of the status quo initially requires the return of any consideration that has passed to the rescinding party under the contract. *Puskar v. Hughes*, 179 Ill. App. 3d 522, 528, 533 N.E.2d 962 (1989). Here, Fogel admits that Enterprise tendered a refund of the premiums paid by Thakkar for the rental of the vehicle on November 12, 1997. Fogel's assertion concerning the intervening accident apparently raised the argument that the contract cannot be rescinded because Fogel cannot be restored to the position he was in before the contract. However, Fogel's assertion is made without citation to authority. Fogel was not a party to the contract. Restoration of the status quo requires only that the party seeking rescission restore to the other party to the contract the consideration it received under the contract.

For these reasons, we find that Enterprise is entitled to rescission of the contract based on Thakkar's fraudulent inducement.

Fogel next argues that Enterprise in not entitled to rescission of the contract under the Illinois Insurance Code (215 ILCS 5/1 *et seq.* (West 2002)). We need not address this issue as we have already found that Enterprise is entitled to rescission of the contract based on common law fraud.

■ Fogel next contends that public policy requires that the contract between Enterprise and Thakkar, including the SLP, be enforced. Fogel maintains that he has a vested interest in the contract and specifically in the SLP coverage. Fogel contends that liability insurance concerns the rights of the general public and underlying claimants have a substantial interest in how insurance coverage questions are resolved. Fogel relies on *Hertz Corp. v. Garrott*, 238 Ill. App. 3d 231, 606 N.E.2d 219 (1992), wherein this court held that an exclusionary clause in the rental agreement which prohibited liability coverage to drivers under the influence of alcohol was void as against public policy. This court held that the rental agency could not impose sanctions upon private citizens for driving while intoxicated when such sanctions impose a hardship on the general public. *Garrott*, 238 Ill. App. 3d at 239. Fogel argues that, here, Enterprise is seeking to impose sanctions upon private citizens who are under the age of 21.

We do not find Fogel's argument to be persuasive. The *Garrott* case relied upon by Fogel concerned an exclusionary clause that altered

coverage expectations and risks based upon a driver's actions after the time the contract was entered into. The rental company in *Garrott* did not seek rescission of the contract and the case did not concern fraud in the inducement. Here, Enterprise is not altering coverage expectations of a valid contract. Here, Enterprise seeks rescission of the contract because it would not have entered into the contract had it known Thakkar's true age.

Fogel asserts another public policy argument that Enterprise cannot rescind the contract once the rights of an innocent third party have vested. Fogel maintains that numerous jurisdictions have adopted this position. Again we do not find Fogel's position persuasive. The cases cited by Fogel concern state laws for mandatory liability insurance. In these cases, courts have held that *mandatory* insurance statutes have abrogated the insurance company's right to rescind the policy with regard to claims of persons not involved in making the misrepresentation. In other words, the public policy underlying mandatory insurance statutes requires that insurance companies cannot rescind the contract and preclude an innocent third party from coverage benefits. The rationale in these cases is that mandatory insurance statutes were enacted to protect the public from financial hardship and these laws have transformed what was a private contract into a quasi-public obligation. The public policy argument is that where a state mandates liability insurance in order to protect the public, the risk of a misrepresentation made by the applicant is borne by the insurer and not an innocent third party.

In this case, however, Fogel's public policy argument fails because we are not addressing mandatory liability coverage. In fact, Illinois courts have allowed the rescission of an insurance policy based upon misrepresentations in the application *after* an accident and injury to a third party had occurred. See *Ratliff v. Safeway Insurance Co.*, 257 Ill. App. 3d 281, 628 N.E.2d 937 (1993); *American Country Insurance Co. v. Mahoney*, 203 Ill. App. 3d 453, 560 N.E.2d 1035 (1990). Here, the case involves a private contract entered into between Enterprise and Thakkar. The supplemental liability protection was a part of that contract. The SLP was not required under state law with the purpose of protecting the public from financial hardship. Thus we find Fogel's public policy argument unavailing.

■ Alternatively, Fogel contends that Enterprise is estopped from rescinding the contract. Fogel maintains that Enterprise did not act promptly in seeking rescission of the contract. We find this argument unavailing as well. The record does not show any significant delay in Enterprise's assertion of its right to rescission. In fact, Enterprise raises the issue of rescission in its answer and affirmative defenses to

the amended cross-complaint. More importantly, Fogel does not argue and the record does not reveal any prejudicial reliance by Thakkar due to Enterprise's delay in seeking rescission. See *Time Insurance Co. v. Vick*, 250 Ill. App. 3d 465, 620 N.E.2d 1309 (1993) (estoppel necessarily requires some prejudicial reliance of the insured upon some act, conduct or nonaction of the insurer).

Fogel argues that the trial court erred in denying his motion for summary judgment because no grounds exist for rescinding the rental agreement. As stated above, we find that rescission of the agreement is proper and that Enterprise is not liable for SLP. Accordingly, we find that the trial court properly denied Fogel's motion for summary judgment.

The final claim raised by Fogel on appeal concerns the finding of the trial court regarding Enterprise's liability under the minimum financial liability statute. Fogel contends that the trial court improperly limited the minimum financial responsibility (MFR) award to $50,000. We decline to address this argument as Fogel's notices of appeal do not raise this issue.

■ Accordingly, we find that the rental agreement between Enterprise and Thakkar was properly rescinded and the court properly granted summary judgment in favor of Enterprise. We affirm the portion of the April 26, 2002, order granting summary judgment in favor of Enterprise and denying the cross-motions for summary judgment.

### Enterprise's Claims

■ Enterprise contends on appeal that the trial court erred in finding minimum financial responsibility available. Enterprise argues that the MFR statute provides for liability only where the driver has the express or implied permission of the owner. Enterprise maintains that Thakkar's misrepresentations vitiate any permission given by Enterprise.

It is unclear to this court what the basis was for imposing statutory liability on Enterprise. Fogel seems to contend that this statutory liability is excess to the coverage provided by Allstate.

For different reasons than those presented by Enterprise, we find that Enterprise is not liable under the minimum financial responsibility statute. We have already determined that the contract between Enterprise and Thakkar was properly rescinded; thus, Enterprise has no insurance obligations pursuant to the rental agreement. Moreover, Allstate provided coverage for Thakkar. Allstate has made no argument on appeal that Enterprise has a duty to indemnify Allstate.

The Illinois Vehicle Code requires all owners of for-rent motor vehicles to give proof of financial responsibility. 625 ILCS 5/9—101

(West 2002). An owner can comply with this requirement by filing with the Secretary of State a bond, proof of insurance, or a certificate of self-insurance. 625 ILCS 5/9—102 (West 2002). To obtain a certificate of self-insurance, an owner must satisfy the Illinois Department of Insurance that he is able and will continue to be able to pay a judgment obtained against him. Failure to pay a judgment is grounds for revocation of the certificate. 625 ILCS 5/7—502 (West 2002).

Here, Enterprise filed a certificate of self-insurance in accordance with this section of the Vehicle Code. Clearly, Enterprise does provide insurance if a customer chooses to use Enterprise's insurance. Therefore, Enterprise does protect the public by fulfilling the requirement of Illinois law by proving its financial responsibility. This, however, does not require Enterprise to provide the liability insurance to customers who prefer their own insurance. As stated in *Hertz Corp. v. Garrott*, 238 Ill. App. 3d 231, 239, 606 N.E.2d 219 (1992), "the statute merely prescribes the minimum amounts needed by a rental agency to conduct business in the State. The statute in no way defines the scope of the obligation that may be assumed by the rental agency by separate agreement." In fact, Illinois courts have held that the parties to the rental agreement may properly contract as to which insurer, the rental agency or the renter's own insurance, is responsible for primary coverage, as long as statutory minimum requirements are met. See *Farm Bureau Mutual Insurance Co. v. Alamo Rent a Car, Inc.*, 319 Ill. App. 3d 382, 744 N.E.2d 300 (2001). In other words, the statute does not mandate primary liability of the rental agency. Rather, it provides for minimum responsibility when the renter purchases liability insurance from the rental agency.

Here, Thakkar did purchase liability insurance from the rental agency. However, we have found the contract was properly rescinded. Yet, even if we decided that Enterprise was indeed required to provide liability insurance, we would be protecting Allstate. The purpose of the financial responsibility insurance is to protect those who would otherwise be uninsured, not to protect other insurance companies. *Insurance Car Rentals, Inc. v. State Farm Mutual Automobile Insurance Co.*, 152 Ill. App. 3d 225, 504 N.E.2d 256 (1987).

It follows then that neither the language contained in the Vehicle Code nor the public policy behind it, which is to protect the public, bars contract terms that purport to shift primary liability under insurance policies. Here, however, we have found that the rental agreement between Enterprise and Thakkar is rescinded so that any contract terms that purport to shift primary liability from Allstate to Enterprise are void. Thus, Allstate was responsible to provide coverage for Thakkar and Allstate has paid pursuant to its policy. We find no basis

for liability of Enterprise under the minimum financial responsibility statute.

Accordingly, we reverse the portion of the April 26, 2002, order of the trial court finding Enterprise liable for $50,000 pursuant to the minimum financial responsibility statute.

## Fraud Claims

■ Enterprise sought judgment on its fraud claim against Thakkar. The trial court failed to explicitly rule on the issue.

We find that the record supports a finding of liability in favor of Enterprise on its fraud claim against Thakkar. Accordingly, we remand to the trial court to determine damages on Enterprise's fraud claim against Thakkar.

## Judgment on Arbitration Award

Enterprise also appeals the confirmation of the arbitration award and the entry of judgment on that award. Enterprise contends that the arbitration took place for the sole purpose of obtaining a judgment that could then be executed against Enterprise.

We need not address the issues raised by Enterprise because Enterprise has no liability in this case. None of the parties to the arbitration agreement have raised any issues in this court. Enterprise was not a party to the arbitration agreement. Judgment on the award was entered in favor of Fogel and Burke and against Thakkar. This judgment cannot be executed against Enterprise.

## CONCLUSION

For the foregoing reasons, we affirm the trial court's order granting summary judgment in favor of Enterprise. We affirm the trial court's order denying all cross-motions for summary judgment. We find in favor of Enterprise on its fraud claim against Thakkar and remand to the trial court to determine damages. We reverse the trial court's order finding Enterprise liable for $50,000 pursuant to the minimum financial responsibility statute.

Affirmed in part and reversed in part; cause remanded with instructions.

FITZGERALD SMITH, P.J., and McBRIDE, J., concur.