2023 IL App (3d) 210361

Opinion filed January 25, 2023

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2023

| | | |
|---|---|---|
| *In re* ESTATE OF RONALD A. REEDER, | ) ) ) | Appeal from the Circuit Court of the 10th Judicial Circuit, Peoria County, Illinois. |
| Deceased | ) ) | |
| (Gery R. Gasick, Executor, | ) ) | |
| Petitioner-Appellant, | ) ) | Appeal No. 3-21-0361 Circuit No. 14-P-423 |
| and | ) ) ) | |
| The People of the State of Illinois *ex rel.* Kwame Raoul, Attorney General, | ) ) ) | The Honorable David A. Brown, |
| Intervenor-Appellee). | ) ) | Judge, presiding. |

JUSTICE ALBRECHT delivered the judgment of the court, with opinion.
Justices Brennan and Davenport concurred in the judgment and opinion.[*]

**OPINION**

¶ 1      On remand in an estate proceeding, petitioner, Gery R. Gasick, the executor of the

decedent's estate, sought to retain several thousand dollars in executor, attorney, and power of

attorney (POA) fees that he had been paid by the estate. The Illinois Attorney General's Office

---

[*]Justices Albrecht, Brennan, and Davenport were substituted for Justices Daugherty, O'Brien, and Hauptman after oral argument and have read the briefs and listened to the recording of the oral argument.

(AG), which had previously intervened in the case, opposed Gasick's request. The parties filed cross-motions for summary judgment as to Gasick's POA fees. After full briefing and a hearing on the cross-motions and the other matters pending before the court on remand, the trial court granted the AG's motion for summary judgment, denied Gasick's cross-motion for the same relief, and ordered Gasick to refund a large sum to the estate, including all of the POA fees that Gasick had been paid.[1] Gasick appeals but only challenges a portion of the trial court's ruling. We affirm the trial court's judgment with one small correction.

## I. BACKGROUND

In July 2014, the decedent, Ronald A. Reeder, died at the age of 76, leaving no spouse or descendants. In his will, the decedent left his entire residual estate, over $3 million, to 27 different charities. During the decedent's lifetime, Gasick was the decedent's attorney and also served as the decedent's agent under a POA. Gasick was named as the executor of the decedent's estate in the decedent's will. Among other things, the decedent's will provided for independent administration of the decedent's estate; indicated that Gasick was not required to furnish security on his bond as executor; gave Gasick "full discretion" as executor in regard to the selection, valuation, and sale of the decedent's tangible personal property; and granted to Gasick as executor certain "powers and discretions, in each case to be exercisable without Court Order," including the power to settle claims for or against the estate.

---

[1]There is some uncertainty in the record as to the nature of the proceedings in the trial court on remand. As best as can be discerned, the trial court made its ruling on the POA fees pursuant to the cross-motions for summary judgment but made its ruling on the other matters merely pursuant to the directions of this court to essentially reevaluate and recalculate the amount of attorney and executor fees that were due Gasick.

¶ 4 In September 2014, Gasick filed a petition in the trial court to probate the decedent's will. The trial court entered an order admitting the will to probate, appointing Gasick as the executor, and approving independent administration of the estate.

¶ 5 In May 2016, Gasick filed a final report in the trial court as the executor of the estate and mailed a copy of that report to each of the charitable legatees that had not waived notice. Among other things, the final report indicated that no claims had been filed against the estate; that a summary accounting had been sent by mail to all 27 of the charitable legatees in April 2016; and that a supplemental summary accounting, which showed the amount of attorney fees due from the estate, had been sent later that same month to the charitable legatees that had not responded to the first letter. After one of the charitable legatees objected to the final report due to a claimed lack of sufficient documentation, the AG sought, and was allowed, to intervene in the case. At the AG's request and over Gasick's opposition, independent administration of the estate was terminated, and Gasick was ordered to file an inventory, a petition for approval of attorney fees supported by contemporaneously made time records, and a verified accounting showing with specificity receipts and disbursements.

¶ 6 In June 2017, Gasick filed a petition for approval of the approximately $119,000 in postdeath attorney fees that he had been paid by the estate with various billing statements attached. The AG objected to the petition, claiming, among other things, that the amount of fees was excessive, that some of the fees were not sufficiently supported with documentation, and that a portion of the fees was for work that Gasick had performed as the executor of the estate, rather than as the attorney for the estate. Gasick filed a reply and provided some additional documentation.

¶ 7    In May 2018, a hearing was held in the trial court on Gasick's petition for fees. The following month, the trial court issued its decision, finding that Gasick had overcharged the estate for certain matters and ordered Gasick to refund approximately $45,000 to the estate. Despite the AG's request, the trial court did not address approximately $51,000 that Gasick had paid himself for work that he had performed for the decedent prior to the decedent's death while acting as the decedent's agent under a POA.[2] After Gasick and the AG filed motions to reconsider, the trial court subsequently entered an order reducing the amount that Gasick was required to reimburse the estate to approximately $37,000 to account for a mathematical error that the trial court had made in its initial calculation of the amount of the refund required. Gasick filed his first appeal in this case to challenge the trial court's ruling, and the AG filed a cross-appeal.

¶ 8    In October 2020, this court issued its decision on Gasick's first appeal and reversed a portion of the trial court's judgment. See *In re Estate of Reeder*, 2020 IL App (3d) 180739-U, ¶ 47. This court remanded the case to the trial court with directions to, among other things, determine whether the $51,000 in fees was for work that Gasick had performed in some capacity, other than as executor or attorney of the estate, and to determine if Gasick was required to file a claim with the probate court for those fees during the statutory claims period.

¶ 9    Upon remand in the trial court, there was no dispute between the parties that (1) the $51,000 in fees was for work that Gasick had performed for the decedent prior to the decedent's death as the decedent's agent under a POA and (2) Gasick had not filed a claim for those fees with the probate court during the statutory claims period. The parties filed cross-motions for

_____

[2]The POA fees were in addition to the $119,000 that Gasick had paid himself from the estate for attorney fees.

4

summary judgment as to whether Gasick was required to file such a claim and as to whether Gasick was required to refund the $51,000 in POA fees to the estate. After full briefing and a hearing on that matter and the other matters pending before the court, the trial court found that Gasick was required to file a claim for the POA fees with the probate court during the statutory claims period and that Gasick had to refund the $51,000 in POA fees to the estate because he had failed to file such a claim. As part of the other issues that the trial court decided, the trial court also required Gasick to refund to the estate $600 in fees for work that Gasick had performed for the estate on October 20, 2014, despite the fact that the estate was never billed for, and never paid, those particular fees. Gasick appealed.

¶ 10                                    II. ANALYSIS

¶ 11                                    A. POA Fees

¶ 12        As his first point of contention on appeal, Gasick argues that the trial court erred in finding that Gasick was required to refund the POA fees to the estate because Gasick had failed to file a claim for those fees with the probate court during the statutory claims period, in granting summary judgment for the AG on the POA fees on that basis, and in denying Gasick's cross-motion for the same relief. In support of that argument, Gasick makes two main assertions. First, Gasick asserts that the clear and unambiguous language of section 28-8 of the Probate Act of 1975 (Probate Act) (755 ILCS 5/28-8 (West 2014)), when read in conjunction with the plain and ordinary meaning of the language of the will as a whole, clearly authorized Gasick as the executor to pay himself from the decedent's estate for the POA fees that he had earned prior to the decedent's death without having to file a claim for those fees with the probate court during the statutory claims period. Any statutory requirement to the contrary, Gasick maintains, was overridden by the will, as the applicable statute specifically provides. Second, and in the

5

alternative, Gasick asserts that, even if he was required to file a claim with the probate court for the POA fees, he satisfied that requirement (the statutory claim-filing requirement) in this case by mailing the final report and the summary accountings to the charitable legatees within the statutory claims period. For those reasons, Gasick asks that we reverse the trial court's grant of summary judgment for the AG on the POA fees and, presumably, that we enter summary judgment for Gasick on that issue instead.

¶ 13     The AG argues that the trial court's ruling on the POA fees was proper and should be upheld. More specifically, as to Gasick's first assertion, the AG contends that the trial court correctly found that the applicable statutes (sections 18-8 (*id.* § 18-8) and 28-8 of the Probate Act) and the language of the decedent's will did not allow Gasick to avoid the statutory requirement of having to file a claim with the probate court during the statutory claims period to have his predeath POA fees paid by the estate. In making that contention, the AG notes that the statutory procedures were put into place to avoid potential conflicts of interest by enabling the trial court to appoint a special representative to administer claims that an executor seeks to pay himself from the estate. The AG maintains that a decedent's will cannot repeal the provisions of the Probate Act and other statutes that are designed to ensure that estate administrators conduct themselves in good faith, do not unjustly enrich themselves, protect and communicate with beneficiaries, and carry out their fiduciary duties. As for Gasick's second assertion, made in the alternative, the AG contends that Gasick's final report and summary accountings, which failed to mention the $51,000 in POA fees that Gasick had paid himself from the estate, did not satisfy the statutory claim-filing requirement. The AG contends further that interpreting the decedent's will in a manner that would bypass statutory requirements, as advocated for by Gasick in the present case, would be contrary to public policy. For all of the reasons stated, the AG asks that we affirm

the trial court's grant of summary judgment for the AG, requiring Gasick to refund the $51,000 in POA fees to the estate.

¶ 14    In reply to the AG's assertions on appeal, Gasick repeats his initial contentions. Gasick also asserts that the public policy of this state is declared in the overall statutory design of independent administration, which promotes judicial efficiency by allowing an executor to act without having to obtain court orders. Furthermore, Gasick contends, his analysis here does not repeal the provisions of section 28-8 of the Probate Act as the AG claims but, rather, merely applies the plain meaning of that statute. For those reasons and the initial reasons stated, Gasick again asks that we reverse the trial court's grant of summary judgment for the AG on the POA fees and, again presumably, that we enter summary judgment for Gasick on that issue instead.

¶ 15    The purpose of summary judgment is not to try a question of fact but to determine if one exists. *Adams v. Northern Illinois Gas Co.*, 211 Ill. 2d 32, 42-43 (2004). Summary judgment should be granted only where the pleadings, depositions, admissions on file, and affidavits, when viewed in the light most favorable to the nonmoving party, show that there is no genuine issue as to any material fact and that the moving party is clearly entitled to a judgment as a matter of law. 735 ILCS 5/2-1005(c) (West 2020); *Adams*, 211 Ill. 2d at 43. Summary judgment should not be granted if the material facts are in dispute or if the material facts are not in dispute but reasonable persons might draw different inferences from the undisputed facts. *Adams*, 211 Ill. 2d at 43. Although summary judgment is to be encouraged as an expeditious manner of disposing of a lawsuit, it is a drastic measure and should be allowed only where the right of the moving party is clear and free from doubt. *Id.* In appeals from summary judgment rulings, the standard of review is *de novo*. *Id.* In addition, matters of statutory and will construction, which are involved in the present case as well, are also subject to a *de novo* standard of review on appeal. *Gaffney v. Board*

7

*of Trustees of the Orland Fire Protection District*, 2012 IL 110012, ¶ 50 (applying *de novo* review to statutory interpretation); *In re Estate of Overturf*, 353 Ill. App. 3d 640, 642 (2004) (applying *de novo* review to will interpretation). When *de novo* review applies, the appellate court performs the same analysis that the trial court would perform. *Direct Auto Insurance Co. v. Beltran*, 2013 IL App (1st) 121128, ¶ 43. A trial court's grant of summary judgment may be affirmed on any basis supported by the record. *Home Insurance Co. v. Cincinnati Insurance Co.*, 213 Ill. 2d 307, 315 (2004).

¶ 16        In resolving this particular issue, we must consider the language of the decedent's will, the applicable statutory provisions, and the rules of statutory and will construction. Starting with the decedent's will, the relevant provisions have been set forth above and will not be repeated here.

¶ 17        As for the applicable statutes, there are three that directly apply, sections 28-1 (755 ILCS 5/28-1 (West 2014)), 28-8, and 18-8 of the Probate Act. Section 28-1 of the Probate Act, provides, in relevant part, that "[t]his Article permits an executor or administrator to administer the estate without court order or filings, except to the extent that court order or filing is required by this Article or is requested by any interested person pursuant to this Article." *Id.* § 28-1. Section 28-8, on the other hand, provides:

> "An independent representative acting reasonably for the best interests of the estate has the powers granted in the will and the following powers, all exercisable without court order, except to the extent that the following powers are inconsistent with the will:
>
> * * *

(e) To settle, compound or compromise any claim or interest of the decedent in any property or exchange any such claim or interest for other claims or property; and to settle compound or compromise and pay all claims against the estate as provided in Sections 18-11 and 18-13 [(755 ILCS 5/18-11, 18-13 (West 2014))], but claims of the independent representative or his attorney shall be subject to Section 18-8[.]" *Id.* § 28-8(e).

Finally, section 18-8 of the Probate Act, which is referenced above, provides, in relevant part, that, "[i]f a representative or the representative's attorney has a claim against the estate, that person must file a claim as other persons and the court may appoint a special administrator to appear and defend for the estate." *Id.* § 18-8.

¶ 18    Turning to statutory construction, the rules that apply are well established. The fundamental rule of statutory construction is to ascertain and give effect to the intent of the legislature. *Gaffney*, 2012 IL 110012, ¶ 56. The most reliable indicator of that intent is the plain and ordinary meaning of the language of the statute itself. *Id.* In determining the plain meaning of statutory terms, a court should consider the statute in its entirety and keep in mind the subject the statute addresses and the apparent intent of the legislature in enacting the statute. *Blum v. Koster*, 235 Ill. 2d 21, 29 (2009); 5 ILCS 70/1.01 (West 2014). If the statutory language is clear and unambiguous, it must be applied as written, without resorting to further aids of statutory construction. *Gaffney*, 2012 IL 110012, ¶ 56. A court may not depart from the plain language of the statute and read into it exceptions, limitations, or conditions that are not consistent with the express legislative intent. *Id.* However, if the language of a statute is ambiguous in that it is susceptible to more than one reasonable interpretation, a court may consider extrinsic aids to

determine the meaning of the statutory language. See *Williams v. Illinois State Scholarship Comm'n*, 139 Ill. 2d 24, 51 (1990).

¶ 19 Lastly, with regard to the principles of will interpretation, it is well settled that, when interpreting the provisions of a will, a court's purpose is to ascertain and, if possible, give effect to the intent of the testator. *Overturf*, 353 Ill. App. 3d at 642. The testator's intent should be determined from the will as a whole, bearing in mind the plan of the testator as expressed in the entire will, and should not be gathered from considering only one clause of the testator's will standing alone. *Id.*

¶ 20 In the present case, when we consider the provisions of the decedent's will as a whole, the applicable statutory sections, and the rules of statutory and will construction, we find that Gasick was required to file a claim with the probate court during the statutory claims period for the POA fees that he sought to be paid from the estate. See 755 ILCS 5/28-1, 28-8, 18-8 (West 2014). Although the will contained boilerplate language that permitted the executor, in the nature of independent administration, to settle claims against the estate without having to get an order from the probate court, the will did not specifically address the POA fees or any claims that the executor himself had against the estate. Nor did the will specifically refer to the third role that Gasick had served in this case—as the decedent's agent under the POA—and did not specifically waive any conflict of interest that Gasick had in obtaining a payment from the estate, with himself as the executor, for the predeath work he had performed for the decedent. Thus, contrary to Gasick's assertion, the provisions of the will as a whole were not inconsistent with, and did not override, the statutory requirements of sections 28-1, 28-8, and 18-8 of the Probate Act, which required Gasick to file his claim for the POA fees with the probate court during the statutory claims period. See *id.*

¶ 21    Under the circumstances of the present case, the trial court correctly determined that Gasick was required to file a claim against the estate for the POA fees and that Gasick's claim was barred because he had failed to file that claim with the probate court during the statutory claims period. See *id.* Contrary to Gasick's assertion in the alternative on appeal, sending the final report and the summary accountings to the charitable legatees was not the same as filing a claim with the probate court and did not satisfy the statutory claim-filing requirement, especially since Gasick made no mention in those documents of the POA fees that were due from, or had been paid by, the estate. See *id.*; *In re Estate of Nonnast*, 300 Ill. App. 537, 563 (1939) (recognizing that the assertion of a lien for an amount alleged to be due from an estate was not the equivalent of filing a claim against the estate). The trial court, therefore, properly granted summary judgment for the AG on Gasick's POA fees claim and required Gasick to refund that amount (approximately $51,000) to the estate. See 735 ILCS 5/2-1005(c) (West 2020); *Adams*, 211 Ill. 2d at 43. Having so determined, we need not address the parties' public policy arguments.

¶ 22                    B. Fees for Work Performed on October 20, 2014

¶ 23    As his second point of contention on appeal, Gasick argues, and the AG agrees, that the trial court erred in requiring Gasick to reimburse the estate for $600 in fees for work performed by Gasick on October 20, 2014. As both parties rightly note, the estate was not billed for, and did not pay, the fees in question. We, therefore, correct the trial court's judgment on appeal to deduct that $600 from the amount that Gasick is required to refund to the estate. See Ill. S. Ct. R. 366(a)(5) (eff. Feb. 1, 1994) (allowing the appellate court to correct errors in the trial court's judgment).

¶ 24                              III. CONCLUSION

11

¶ 25　　　　　For the foregoing reasons, we affirm the judgment of the circuit court of Peoria County as modified.

¶ 26　　　　　Affirmed as modified.

*In re Estate of Reeder*, 2023 IL App (3d) 210361

| | |
|---|---|
| **Decision Under Review:** | Appeal from the Circuit Court of Peoria County, No. 14-P-423; the Hon. David A. Brown, Judge, presiding. |
| **Attorneys for Appellant:** | Gery R. Gasick, of Dunlap, for appellant. |
| **Attorneys for Appellee:** | Kwame Raoul, Attorney General, of Chicago (Jane Elinor Notz, Solicitor General, and Evan Siegel, Assistant Attorney General, of counsel), for appellee. |