2024 IL App (1st) 221351

SIXTH DIVISION
March 22, 2024 Filing Date

No. 1-22-1351

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT

| | | |
|---|---|---|
| AHMAD ZAHDAN and AZ SPE, LLC, an Illinois Limited Liability Company, | ) ) ) | Appeal from the Circuit Court of |
| Plaintiffs-Appellees, | ) ) | Cook County. |
| v. | ) ) | No. 16 L 4450 |
| FRONTLINE BUSINESS ENTERPRISE INC., an Illinois Corporation, and SYED AHMED, | ) ) ) | The Honorable Daniel J. Kubasiak, Judge, Presiding. |
| Defendants-Appellants. | ) | |

JUSTICE ODEN JOHNSON delivered the judgment of the court, with opinion.
Justices Hyman and C.A. Walker concurred in the judgment and opinion.

**OPINION**

¶ 1    Defendants Frontline Business Enterprise Inc. and Syed Ahmed appeal from an order of

the Cook County circuit court granting a motion for summary judgment in a breach of contract

action by plaintiffs, Ahmad Zahdan and AZ SPE, LLC. On appeal, defendants contend that the

circuit court erred in finding that they breached the real estate contract by breaching the fuel

supply management agreement (FSMA) because the FSMA was not incorporated into the real

estate contract. Alternately, defendants contend that, (1) even if they breached the real estate contract by breaching the FSMA, the circuit court abused its discretion in ordering rescission and, (2) even if they breached the real estate contract, the circuit court erred in denying defendants' motion to reconsider when they presented evidence of unjust enrichment. For the following reasons, we affirm.

¶ 2                                                 I. BACKGROUND

¶ 3        The background information for this appeal comes from the circuit court's written opinion filed on May 27, 2022, granting summary judgment in favor of plaintiffs.

¶ 4        According to the complaint, plaintiffs became the owner of the gas station property located at 225 North Western Avenue in Chicago. In February 2016, defendants desired to purchase the property from plaintiffs, and as a result, AZ, Ahmed, and Ahmed's future entity "Frontline" negotiated an agreement under which defendants agreed to purchase the property from plaintiffs. The sale was accomplished through a real estate sales contract dated February 29, 2016, in which Frontline purchased the property for $800,000. The contract also contained a provision that stated as follows:

> "Ahmed [*sic*] understands and acknowledges that this Agreement and the consummation of this Agreement are subject to and conditioned upon Ahmad and AZ SPE Affiliate entering into a fuel supply management agreement in substantially the form attached hereto as Exhibit 'I' (the 'Fuel Supply Management Agreement.')"

The contract additionally provided that AZ could terminate the contract and regain possession of the property in the event of a breach by defendants. The contract and the FSMA were executed simultaneously.

¶ 5    Under the FSMA, which provided for a 25-year term, all purchases of motor fuel by defendants would be arranged by Zahdan at a rate of two cents over "rack," which referred to the price of gasoline sold by a refinery to a licensed fuel distributor and is used as the baseline to set the price that the distributor charges to a retail gasoline station. After the closing, Zahdan deeded the property to Frontline. Plaintiffs alleged that, at the time Ahmed signed the FSMA for Frontline, he had no intention of ever buying fuel from or through Zahdan. Subsequent to the closing, defendants never purchased any fuel from or through plaintiffs. Zahdan alleged that, since the closing, he was "ready, willing and able" to perform the obligations he owed under the FSMA. Plaintiffs alleged that defendants failed to perform under the FSMA and also refused to vacate the property and to return it to plaintiffs' ownership.

¶ 6    On May 3, 2016, plaintiffs filed a three-count complaint against defendants alleging breach of contract, seeking specific performance and alternatively rescission. Plaintiffs subsequently filed a first amended verified three-count complaint on September 8, 2017, alleging that defendants breached the contract and FSMA by refusing to purchase petroleum products through Zahdan. The amended complaint alleged breach of contract (count I) and sought specific performance (count II) and alternatively rescission (count III). Defendants' answer and affirmative defenses asserted duress, unclean hands, unconscionability, impossibility and impracticality, and illegality.

¶ 7    After discovery was completed, plaintiffs filed a motion for summary judgment on January 3, 2022, pursuant to section 2-1005 of the Code of Civil Procedure (Code) (735 ILCS 5/2-1005 (West 2020)). Plaintiffs argued that there were no genuine issues of fact that prevented entry of judgment in their favor that defendants breached the contracts.

¶ 8        In their motion for summary judgment, plaintiffs cited additional uncontested facts as follows: Ahmed had been the operator of the gas station at the property since 2014, and his original landlord was Harjinder Singh. Ahmed was a sophisticated businessman with an accounting degree. He owned and operated two gas stations on land he owned, and he owned and operated his own real estate company and was familiar with negotiating and reviewing real estate contracts. Ahmed operated the gas station under Tawakul 786, Inc., and the gas sold by the station was supplied by Singh's entity under the Sandhu supply agreement.

¶ 9        On or about October 1, 2014, Ahmed, through a new entity named State Oil Petroleum, Inc., entered into a 10-year fuel supply agreement with Gas Depot Oil Company (Gas Depot). On April 24, 2015, pursuant to a consent judgment, plaintiffs became the owner of the property. In February 2016, plaintiffs still owned the property, but Ahmed wanted to purchase it. Defendants' attorney negotiated the terms of the contract and FSMA with plaintiffs' attorney, Ahmed was aware that the FSMA was a condition of closing, and he and his attorney received copies of the contract and FSMA before the closing. Prior to closing, defendants' attorney advised Ahmed that he had an existing fuel supply agreement with Gas Depot and warned that he might have to choose between the existing agreement and the FSMA. Despite the existing Gas Depot agreement, Ahmed personally negotiated with Zahdan about the terms of the FSMA, including the price for each gallon of fuel. During the negotiation and closing of the contract and FSMA, Ahmed told his attorney about perceived duress but admitted in his deposition that he still closed anyway. Although Ahmed received a draft of the FSMA early in the negotiation process, Ahmed never attempted to make the FSMA contingent on a release of the Gas Depot agreement or some other arrangement, nor did he tell his attorney to advise plaintiffs' attorney about the issue. Nor did Ahmed ever tell Zahdan that he thought the terms

of the FSMA were unfair. Defendants' attorney was unaware of any threats by Zahdan to evict Ahmed prior to the closing, he never sent plaintiffs' attorney any e-mails claiming that plaintiffs threatened to evict Ahmed, and he did not refuse to sign the FSMA on behalf of defendants. During the closing, there was no shouting or fighting between Zahdan and Ahmed.

¶ 10    In addition to the purchase price, condition precedent, and the provision for breach, the contract also reserved ownership interest in and revenue from the ATM, vacuums, and air pumps located at the station to Zahdan. The contract imposed an indemnification obligation on defendants with respect to any liabilities or claims relating in any way to their acquisition and use of the property and contained an attorney fee provision. The contract also contained an agreement that the parties would cooperate and take further actions that were reasonably necessary to effectuate the purposes of the contract.

¶ 11    The FSMA provided for a 25-year term for the purchase of all motor fuel by defendants at the rate of two cents over "rack." The provision in the FSMA for gasoline to be sold at two cents over rack ensured that Zahdan would receive a stream of income after selling the property to defendants. Subsequent to the closing, however, the defendant never purchased any fuel from or through Zahdan. Additionally, defendants refused to accept Zahdan's continued ownership of the ATM, vacuum equipment, and air pumps at the property, and Zahdan received no revenue since the closing. Zahdan was ready, willing, and able to perform the obligations owed under the FSMA, and defendant admitted that Zahdan never refused to perform under the FSMA. Defendants failed to perform under the FSMA and also refused to vacate the property and return it to plaintiffs' ownership even though plaintiffs were ready, willing, and able to return the $800,000 purchase price to defendants.

¶ 12        Defendants filed a response in opposition to plaintiffs' summary judgment motion, contending that they did not breach the contract because nothing in the real estate contract required them to purchase petroleum products through Zahdan; rather, the contract's condition precedent required them to enter into an FSMA, which they did. Defendants argued that there was no language that incorporated the terms of the FSMA into the contract in either document. Defendants further asserted that genuine issues of material fact existed as to whether plaintiffs could enforce the FSMA because Zahdan was not licensed as a gasoline distributor and, thus, the FSMA was unenforceable. Defendants also stated that plaintiffs were not entitled to summary judgment on their specific performance or rescission claims.

¶ 13        The circuit court found that there were no genuine issues of material fact that prevented judgment on any element of plaintiffs' breach of contract claim. The court noted that defendants did not dispute that they entered into the contract and the FSMA, plaintiffs established that they fully performed their obligations under the contract by transferring ownership of the property to defendants, and no issue of fact appeared to exist that Zahdan was able to perform under the FSMA. The circuit court also noted that the contract specifically provided that it was conditioned on defendants' entering into the FSMA and, in turn, the FSMA required defendants to purchase all fuel supplies for the station through Zahdan for a 25-year period. The circuit court found that defendants expressly admitted that they never purchased any gasoline from Zahdan and had no intent to abide by the terms of the FSMA when they executed it. The court further found that defendants did not raise any genuine issue of material fact as to plaintiffs' ability to establish defendants' breach of contract in their response.

¶ 14        The circuit court concluded that plaintiffs fully performed their obligations under the contract but that defendants admittedly entered into those agreements with the knowledge and

intent not to perform their side of the bargain. The court found that plaintiffs' damages were clear and that defendants' affirmative defenses did not overcome plaintiffs' entitlement to summary judgment. The circuit court accordingly granted plaintiffs' motion for summary judgment on the breach of contract claim (count I) and the rescission claim (count III).

¶ 15 The circuit court found that rescission was an appropriate remedy considering the facts of the case, namely that the premise of count III was that the contract was conditioned on defendants' assent to and compliance with the FSMA and because defendants showed that they would not perform under the FMSA. The court concluded that plaintiffs should regain title to the property in exchange for repayment to defendants of the $800,000 purchase price as plaintiffs showed and that defendants failed to dispute that there were any genuine issues of fact as to the rescission claims. The circuit court applied the test for rescission and noted that defendants' failure to abide by the FSMA was clearly material to the dispute, as the contract specifically provided that it was conditioned on defendants' entry into the FSMA. Additionally, the court noted that, even if it were possible to determine Zahdan's damages to date, the potential loss of future business is generally incapable of adequate compensation and establishes that the damage to plaintiffs could not be remedied by a monetary award.

¶ 16 The circuit court also addressed defendants' affirmative defenses and found that they did not overcome plaintiffs' right to summary judgment. Defendants asserted affirmative defenses: duress, unclean hands, unconscionability, impossibility and impracticability, and illegality. However, defendant did not raise any issue of fact preventing the entry of summary judgment in plaintiffs' favor. The court noted that Ahmed was a sophisticated businessman with years of experience owning and operating gas stations as well as a real estate investment company. Additionally, Ahmed was always represented by counsel. The circuit court found those facts

dispositive of defendants' affirmative defenses. The circuit court accordingly entered summary judgment in favor of plaintiffs on breach of contract and rescission.

¶ 17    On May 27, 2022, defendants filed a motion for reconsideration, asserting that the circuit court erred in granting summary judgment and in ordering rescission as a remedy. Defendants argued that the circuit court did not address their arguments that breach of the FSMA could not constitute breach of the contract or that there remained an issue of fact as to whether plaintiffs even complied with the FSMA such that they could enforce it. Rather, defendants argued, the circuit court chose to accept plaintiffs' version of events as truth at the summary judgment stage. Regarding the rescission, defendants argued that the record reflected that the circuit court's decision to order rescission was not an informed one and that the parties could not return to their respective precontract provisions. Moreover, defendants argued that they made substantial improvements to the property at their own expense in 2020 and that the rescission order allowed plaintiffs to retain the benefits of those improvements at defendants' expense.

¶ 18    That same day, defendants filed a motion for stay of enforcement pending resolution of their motion for reconsideration, which was granted on June 8, 2022. Plaintiffs subsequently filed a motion to strike Ahmed's affidavit that was attached to defendants' motion for reconsideration because it contained evidence not produced during discovery and was not new evidence in violation of Illinois Supreme Court Rule 191 (eff. Jan. 4, 2013).

¶ 19    In a subsequent written order, the circuit court denied defendants' motion for reconsideration on September 1, 2022. With respect to defendants' argument that the court erred in holding that the contract required them to perform under the FSMA when both were separate agreements, the court found that such argument lacked merit, as they ignored the plain

language of the contract and the FSMA, as well as the evidence presented proving that defendants had no intention to perform under the FSMA. The court also found that defendants' arguments regarding summary judgment on the rescission claim lacked merit and evidentiary support. With respect to reconsideration of whether rescission was a proper remedy, the circuit court noted that defendants' claim regarding improvements made to the property was not newly discovered evidence, in that it could have been raised in defendants' response to the summary judgment motion, and defendants' attempt to seek reconsideration on what was not newly discovered evidence was improper. Moreover, the court found that defendants never produced this material in discovery. The court also agreed that defendants' failure to produce this evidence previously was a violation of Rule 191. It therefore struck Ahmed's affidavit and found that any arguments related to improvements made to the property were waived. The court further noted that defendants never raised the inability to return the parties to the status quo as an affirmative defense, and they were therefore barred under section 2-613 of the Code (735 ILCS 5/2-613 (West 2020)) from raising it in a motion to reconsider. The court noted that the case began in 2016 and defendants' voluntary decision to make improvements to the property was made four years after litigation began and with full knowledge that plaintiffs sought rescission and a return of the station to their ownership. The court also noted that defendants had possessed the property for over six years at the time of its decision. Finally, the circuit court found that restoration to the status quo ante simply required the rescinding party to return any consideration it received from the other party under the contract pursuant to *Fogel v. Enterprise Leasing Co. of Chicago*, 353 Ill. App. 3d 165, 173 (2004), which was what it ordered. The court rejected defendants' theory that a return to the status quo ante

required defendants to still possess the property under a lease with an option to purchase for $800,000.

¶ 20        Defendants filed their notice of appeal on September 2, 2022, and a motion for a stay of enforcement pending appeal on September 15, 2022. The circuit court entered an order on September 27, 2022, setting the time for it to rule on defendants' motion and for the approval and filing of any bond to October 26, 2022.

¶ 21        The circuit court records end at that point; however, on February 14, 2023, plaintiffs filed a motion in this court to lift the stay of enforcement previously entered by the circuit court on October 26, 2022, and included a copy of the circuit court's order. Courts of review may take judicial notice of matters that are readily verifiable from sources of indisputable accuracy. *Bayview Loan Servicing, LLC v. Starks*, 2022 IL App (2d) 210056, ¶ 12. Accordingly, we therefore take judicial notice of the circuit court's order granting defendants' motion for stay of enforcement of its April 29, 2022, and September 1, 2022, orders pending defendants' appeal. The order further prohibited defendants from transferring, conveying, assigning, or otherwise further encumbering the subject property at 225 North Western Avenue in Chicago.

¶ 22                                    II. ANALYSIS

¶ 23        We have jurisdiction to consider this appeal under Illinois Supreme Court Rule 303(a) (eff. July 1, 2017), as defendants filed their notice of appeal on September 2, 2022, one day after their motion to reconsider was denied by the circuit court.

¶ 24        On appeal, defendants contend that the circuit court erred in finding that they breached the real estate contract by breaching the FSMA because it was not incorporated into the real estate contract. Alternately, defendants contend that, (1) even if they breached the real estate contract by breaching the FSMA, the circuit court abused its discretion in ordering rescission and,

(2) even if they breached the real estate contract, the circuit court erred in denying defendants' motion to reconsider when they presented evidence of unjust enrichment.

¶ 25                              A. Summary Judgment Standard of Review

¶ 26         This case was decided on summary judgment. The purpose of summary judgment is not to try a question of fact but rather to determine whether one exists. *In re Estate of Reeder*, 2023 IL App (3d) 210361, ¶ 15. Summary judgment should only be granted if the pleadings, depositions, admissions on file, and affidavits, when viewed in the light most favorable to the nonmoving party, show that there is no genuine issue as to any material fact and that the moving party is clearly entitled to a judgment as a matter of law. 735 ILCS 5/2-1005(c) (West 2020); *Estate of Reeder*, 2023 IL App (3d) 210361, ¶ 15. Although summary judgment is to be encouraged as an expeditious manner of disposing of a lawsuit, it is a drastic measure and should be allowed only where the right of the moving party is clear and free from doubt. *Estate of Reeder*, 2023 IL App (3d) 210361, ¶ 15.

¶ 27         A genuine issue of fact precluding summary judgment exists where the material facts are disputed or, if the material facts are undisputed, reasonable persons might draw different inferences from the undisputed facts. *Wolff v. Bethany North Suburban Group*, 2021 IL App (1st) 191858, ¶ 29. On a summary judgment motion, once the moving party has demonstrated the right to judgment, the burden shifts to the nonmoving party to present evidence showing a genuine issue of material fact or that the moving party is not entitled to judgment as a matter of law. *Id.* ¶ 30. The nonmoving party may not rely solely upon its pleadings to raise an issue of material fact, nor is mere argument alone sufficient to raise such an issue. *Performance Food Group Co. v. ARBA Care Center of Bloomington, LLC*, 2017 IL App (3d) 160348, ¶ 18.

We review the circuit court's decision to grant summary judgment *de novo*. *Wolff*, 2021 IL App (1st) 191858, ¶ 30.

¶ 28    Our review of the record reveals that there was no evidence of any genuine issue of material fact or showing that plaintiffs were not entitled to judgment as a matter of law. Nor have defendants raised any issues of material fact on appeal, as we discuss in more detail below.

¶ 29                                    B. Breach of Contract

¶ 30    The circuit court found that defendants breached both the contract and the FSMA, despite defendants' arguments to the contrary. Defendants raise the same arguments on appeal that they presented to the circuit court, namely that the contract and the FSMA did not incorporate each other into their terms and were separate agreements. Because they were separate agreements, defendants contend, breach of the FSMA could not be construed as breach of the real estate contract, and the circuit court erred by concluding as a matter of law that defendants breached the FSMA and the contract. We disagree.

¶ 31    We review *de novo* the interpretation of a contract. *Timan v. Ourada*, 2012 IL App (2d) 100834, ¶ 24. Whether a breach of contract occurred, however, is a question of fact, and the court's finding will not be disturbed on appeal unless it was against the manifest weight of the evidence. *Id.* The elements of a breach of contract claim are (1) the existence of a valid and enforceable contract, (2) performance by the plaintiff, (3) breach of contract by defendant, and (4) resultant injury to the plaintiff. *Id.*

¶ 32    Here, the record establishes that the real estate contract and FSMA were valid and enforceable contracts between the parties. Additionally, plaintiffs established, and the circuit court specifically found, that plaintiffs fully performed their obligations under both contracts. The court also found that based on the evidence before it, namely Ahmed's deposition and

defendants' former counsel's deposition, that defendants purposely breached the FSMA because they never intended to honor it, which in turn resulted in a breach of the real estate contract. Plaintiffs also established damages as a result of defendants' breach. We find that plaintiffs substantiated their breach of contract claim. Although defendants presented affirmative defenses in their response to the summary judgment motion, the circuit court found that they did not overcome defendants' intentional breach of the contracts. Such findings were not against the manifest weight of the evidence based on the record.

¶ 33    We also reject defendants' claim that the FSMA was not part of the real estate contract. The real estate contract clearly contains a clause that it was subject to and conditioned upon the parties entering into the FSMA, which was also attached to the contract. Defendants' incredulous argument that the contract and FSMA were not incorporated into each other ignores this plain and unambiguous language of the contract.

¶ 34    We conclude that the circuit court properly entered summary judgment for plaintiffs on their breach of contract claim against defendants.

¶ 35                            C. Rescission Remedy

¶ 36    Defendants alternatively contend that even if they breached the FSMA and the contract, the circuit court erred in ordering rescission. We disagree.

¶ 37    Rescission of a contract refers to cancellation of that contract, so as to restore the parties to the status quo ante, the status before they entered into the contract. *Hassan v. Yusuf*, 408 Ill. App. 3d 327, 353 (2011). Rescission is an equitable remedy, the application of which is left largely to the discretion of the circuit court. *Id.* A reviewing court will not disturb that decision unless it clearly resulted from an abuse of discretion. *Newton v. Aitken*, 260 Ill. App. 3d 717, 719 (1994); *Hassan*, 408 Ill. App. 3d at 353. A court may award rescission where there is

material breach, fraud, or mutual agreement. *Newton*, 260 Ill. App. 3d at 719. The material breach in this sense refers to a breach with regard to a matter " 'of such a nature and of such importance that the contract would not have been made without it.' " *Id.* (quoting *Felde v. Chrysler Credit Corp.*, 219 Ill. App. 3d 530, 539 (1991)).

¶ 38    The remedy of rescission contemplates voiding the contract as if it had never existed, returning the parties to their precontract status. *Id.* A court will not grant rescission where the status quo ante cannot be restored. *Id.* Additionally, the remedy of rescission generally requires each party to return to the other the value of the benefits received under the rescinded contract. *Id.* at 720.

¶ 39    Here, the court found not only that plaintiffs suffered immeasurable damages due to defendants' conduct but also, and more importantly, that defendants admitted that they never intended to honor the FSMA. Defendants admitted their intention to disregard the provisions of the FSMA despite negotiating the terms of the FSMA and reviewing it prior to its execution. Such behavior constitutes a material breach for purposes of rescission, as the real estate contract was contingent on defendants' execution of and adherence to the FSMA. Had defendants indicated that they would not honor the FSMA, it is clear that the contract would not have been made. Based on the record before us, we cannot say that the circuit court abused its discretion in allowing rescission of the contract as a remedy for the defendants' breach.

¶ 40                    D. Denial of Motion to Reconsider

¶ 41    Finally, defendants contend in the alternative that the circuit court abused its discretion in denying their motion for reconsideration based on the evidence they presented of unjust enrichment to plaintiffs. As noted above, defendants, in their motion for reconsideration, argued for the first time that rescission of the contract would result in unjust enrichment to

plaintiffs due to the over $800,000 of capital improvements it made to the property in 2020. Defendants now make the same argument on appeal.

¶ 42        The purpose of a motion to reconsider is to bring to a court's attention (1) newly discovered evidence, (2) changes in the law, or (3) errors in the court's previous application of existing law. *River Plaza Homeowner's Ass'n v. Healey*, 389 Ill. App. 3d 268, 280 (2009). A reconsideration motion is not the place to raise a new legal theory or factual argument. *Id.* Legal theories and factual arguments not previously made are subject to forfeiture. *2460-Clark, LLC v. Chopo Chicken, LLC*, 2022 IL App (1st) 210119, ¶ 31.

¶ 43        Our standard of review for a motion to reconsider is determined by the basis of the motion. *In re Commonwealth Edison Co. Illinois Consumer Fraud Litigation*, 2023 IL App (1st) 220105, ¶ 19. Where, as here, the motion was based on new matters, whether additional facts or new legal theories, the standard of review is abuse of discretion. *Id.*

¶ 44        We find that the circuit court did not abuse its discretion in denying defendants' motion for reconsideration. The record establishes that this dispute between the parties arose in 2016 when litigation was commenced by plaintiffs. In both their initial complaint and first amended complaint, plaintiffs sought rescission of the contract as a remedy, so defendants were well aware of the possibility that rescission could be awarded. Despite this, defendants chose to make substantial improvements to the property in 2020, more than four years after litigation began. Additionally, defendants failed to disclose this during discovery and attempted to improperly introduce this evidence and their theory of unjust enrichment for the first time during their motion for reconsideration. As a sanction for violation of Illinois Supreme Court Rule 191 (eff. Jan. 4, 2013), Ahmed's affidavit was stricken, this evidence was not considered, and the argument was considered forfeited. The circuit court properly rejected defendants' new

theory and factual evidence on the motion to reconsider and did not abuse its discretion in denying the motion to reconsider on that basis.

¶ 45                                                                  E. Motion to Lift Stay of Enforcement

¶ 46        As noted above, plaintiffs filed a motion to lift the circuit court's stay of enforcement order pending appeal. Plaintiffs sought a lift of the stay based on defendants' alleged violation of the stay order by attempting to transfer a portion of the business and otherwise diminish the value of the property.

¶ 47        Defendants filed a response on February 27, 2024, stating that the plaintiffs' claims are either totally untrue or greatly exaggerated. Defendants additionally state that there are violations at the gas station that prevent operation at this time.

¶ 48        We decline to address the motion or response because our resolution of this appeal makes it unnecessary to consider this motion.

¶ 49                                                                  CONCLUSION

¶ 50        For the foregoing reasons, the judgment of the circuit court of Cook County is affirmed.

¶ 51        Affirmed.

*Zahdan v. Frontline Business Enterprise Inc.*, 2024 IL App (1st) 221351

| | |
|---|---|
| **Decision Under Review:** | Appeal from the Circuit Court of Cook County, No. 16-L-4450; the Hon. Daniel J. Kubasiak, Judge, presiding. |
| **Attorneys for Appellant:** | Michael Lee Tinaglia and Brian J. Olszewski, of Law Offices of Michael Lee Tinaglia Ltd., of Park Ridge, for appellants. |
| **Attorneys for Appellee:** | John J. Conway, of Sullivan Hincks & Conway, of Oak Brook, for appellees. |